UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERESA MCDONALD,  CIV. NO. 13-1031(PJS/JSM)

    Plaintiff,  REPORT AND RECOMMENDATION

v.

ALLINA HEALTH SYSTEM
d/b/a UNITED HOSPITAL,

    Defendant.

This matter came before the undersigned on defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Failure to State a Claim [Docket No. 9] and Plaintiff's Motion to Compel Discovery [Docket No. 15]. Plaintiff appeared pro se. Jessica Nelson, Esq. appeared on defendant's behalf. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

## I. BACKGROUND

### A. Plaintiff's Complaints

Plaintiff Teresa McDonald sued her former employer, defendant Allina Health System ("Allina"), for wrongful termination. Discrimination Complaint ("Discrim. Complaint") [Docket No. 1]; Complaint [Docket No. 1-1].[1] McDonald initiated her lawsuit

---

[1] McDonald filed two Complaints. The first is captioned "Employment Discrimination Complaint" and is docketed as Docket No. 1. The Court will refer to this as the "Discrimination Complaint" or "Discrim. Complaint." The second complaint is entitled "Complaint" and is found at Docket No. 1-1. The Court will refer to this as the "Complaint." Both are form complaints with additional facts appended. The claims in the two Complaints are virtually identical.

on May 1, 2013. The gist of McDonald's Complaints is that she was terminated from her position as a Health Unit Coordinator at United Hospital after she electronically discharged a patient who had arrived on her floor on April 20, 2011, and then re-admitted the patient to a hospice room.[2] Discrim. Complaint, ¶¶14-25; Complaint, ¶¶14-23. McDonald alleged that the patient arrived on her floor from the intensive care unit ("ICU") without doctor's orders regarding admission to a hospice room and that such orders were required for correct billing. Discrim. Complaint, ¶¶13-16; Complaint, ¶¶12-16. McDonald told the assigned nurse and charge nurse that the orders were needed, but the assigned nurse told McDonald she did not know the doctor to call to get the orders and the charge nurse told her she did not know the transfer procedure. Discrim. Complaint, ¶¶16, 18; Complaint, ¶¶14, 16. McDonald explained that she discharged and re-admitted the patient on the hospital's system as a way to ensure correct billing before she left for the day. Discrim. Complaint, ¶20; Complaint, ¶18. In the interim, the nurses were working on obtaining a doctor's order for the transfer of the patient from the ICU to a hospice room. Discrim. Complaint, ¶20; Complaint, ¶18. The patient passed away the next day, April 21, 2011. Discrim. Complaint, ¶21; Complaint, ¶19.

On May 3, 2011, McDonald was asked to report to the Human Resources Department to discuss her "inadvertent discharge" of the patient. Discrim. Complaint, ¶23; Complaint, ¶21. At this meeting, McDonald was also told by a non-manager of her unit that "she was concerned about Plaintiff looking into patients['] charts with out [sic] a business need." Discrim. Complaint, ¶24; Complaint, ¶22. McDonald was terminated at

---

[2] The patient was not discharged in the sense that he or she was physically discharged from the hospital. McDonald entered the patient as "discharged" on the hospital's computer system and then entered the patient as "re-admitted" in the computer.

this meeting. Discrim. Complaint, ¶25, Complaint, ¶23. McDonald signed termination papers, adding her own comments. Discrim. Complaint, ¶25; Complaint, ¶23.

McDonald alleged the following causes of action: Counts One and Two alleged Allina violated Minnesota's Whistleblower Statute, Minn. Stat. §181.932. Discrim. Complaint, ¶¶24-32, Complaint, ¶¶24-32. Count II also alleged that Allina violated Minn. Stat. §609.63, subd.1(5), (7), which makes it a felony to destroy evidence. Discrim. Complaint, ¶30, Complaint, ¶30. McDonald did not state what documents or evidence Allina purportedly destroyed.

Count Three alleged that Allina violated its own Code of Conduct and "ethics" by failing to investigate the incident before terminating McDonald. Discrim. Complaint, ¶¶33-40; Complaint, ¶¶33-40. In this Count, McDonald alleged that she is a non-union employee. Discrim. Complaint, ¶34; Complaint, ¶34. Although not altogether clear, it appeared that McDonald was alleging that she was treated differently from union employees, such as registered nurses, when it came to how Allina applied its policies.

Count Four alleged that Allina's actions were contrary to public policy. McDonald did not cite any particular public policy she claims Allina violated. Discrim. Complaint, ¶¶41-44; Complaint, ¶¶41-44.

Counts Five and Six alleged negligent and intentional infliction of emotional distress. Discrim. Complaint, ¶¶45-53; Complaint, ¶¶45-53. McDonald claimed that she lost wages as a result of Allina's actions and that she was suffering from emotional distress and anxiety. Discrim. Complaint, ¶¶48, 49; Complaint, ¶¶48, 49.

### B. Allina's Motion to Dismiss and McDonald's Response

Allina moved to dismiss McDonald's lawsuit in lieu of answering the Complaints. Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction or Failure to State a Claim ("Def. Mem.") [Docket No. 11]. Allina noted that the parties are both citizens of the State of Minnesota. Id., p. 5, fn. 2. As a result, the only basis for jurisdiction over the matter is federal question jurisdiction, which McDonald claimed exists. Discrim. Complaint, p. 2, Complaint, p. 3. Allina contended that the federal court does not have original jurisdiction over any of McDonald's claims. Def. Mem., pp. 5-7.

Allina additionally contended that McDonald's claims were subject to dismissal under Fed. R. Civ. P. 12(b)(6). Allina noted that McDonald failed to allege any facts to show that she was engaged in conduct protected by the Whistleblower Act. Id., pp. 9-10. In fact, McDonald did not allege that she made any reports of illegal activity to Allina; that she was asked by a public body to participate in an investigation; or that she refused an order by Allina to perform an action that McDonald had an objective basis to believe violated state or federal law—the three scenarios under which the Whistleblower Act makes it unlawful for an employer to discharge or retaliate against an employee. Id., pp. 9-10.

As for McDonald's claim based on violation of public policy, Allina argued that the common law claim of wrongful discharge based on public policy is very narrow, and limited to discharge for "'refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to

4

law.'" Id., p. 11 (quoting Nelson v. Productive Alts., Inc., 715 N.W.2d 452, 455 (Minn. 2006) (citation omitted)). Here, McDonald did not allege that she was terminated for refusing to participate in an activity that in good faith she believed violated state or federal law. Id., p. 12.

With respect to McDonald's claim that Allina violated its own Code of Conduct, Allina contended that as an at-will employee, McDonald was not in a contractual relationship with Allina, nor did she describe what policy Allina allegedly breached. Id., p. 14. To the extent McDonald was alleging that she was treated differently than union members, such as registered nurses, Allina submitted that claim was preempted by the National Labor Relations Act, which confers exclusive jurisdiction on the National Labor Relations Board to resolve such claims. Id., p. 14.

Allina also contended that McDonald had failed to state a claim for negligent infliction of emotional distress because she did not allege any physical manifestations of her alleged emotional distress—a requisite of any claim for negligent infliction of emotional distress. Id., p. 17. Further, McDonald failed to allege the type of conduct necessary to state a claim for intentional infliction of emotional distress—conduct "so atrocious that it passes the boundaries of decency and is utterly intolerable to the civilized community." Id., p. 17 (citing Haagenson v. National Farmers' Union Prop. & Cas. Co., 277 N.W.2d 648, 652, fn. 3 (Minn. 1979)).

Suffice it to say, McDonald's response is difficult to follow. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Mem."), pp. 1-16 [Docket No. 16]. What is clear is that McDonald did not dispute Allina's central contention that this Court lacked subject matter jurisdiction over the lawsuit. Instead,

the vast majority of McDonald's response is devoted to rehashing the facts alleged in her two Complaints.

McDonald did cite Title VII and the Fair Labor Standards Act ("FSLA") in her response. Id., p. 8. But McDonald did not make any claims regarding Title VII. Instead, she merely referenced the statute in the context of a discussion regarding her allegation that she was "singled out" for an investigation after discharging the patient. Id. The same is true of McDonald's reference to the FLSA—the reference appears at the end of a sentence explaining that no other employees (including, apparently, union employees) were put into "this situation"—for which the Court believes McDonald means investigated for violation of the hospital's policy regarding patient discharges in violation of the hospital's policies. Id.

McDonald discussed defamation in her response as well, stating that she was forced to state the "'reason to prospective employers and statements contained in the termination document: malice disregard, Community Humiliation, an undisputed fact.'" Pl. Mem., p. 12. McDonald did not indicate the document from which she was quoting.

Finally, at the motion hearing, McDonald raised the Equal Pay Act ("EPA") for the first time, although she did not elaborate on what her claims were under the EPA. McDonald indicated that she wanted to amend her Complaint to add an EPA claim.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U. S. 83, 94-95 (1998). "The requirement that jurisdiction be established as a threshold matter spring[s] from the nature and limits of the judicial power of the United States' and is inflexible and without exception. Id. (internal quotation and citation

6

omitted.). To invoke federal-question jurisdiction, a plaintiff must plead a cause of action arising under federal law or the Constitution. 28 U.S.C. §1331. A complaint states a federal cause of action when it appears on the face of a well-pleaded complaint. Oglala Sioux Tribe v. C & W Enterp., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007) (citation omitted).

The Court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Osborn v. United States, 918 F.2d 724, 729 fn.6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court "determines whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the [non-moving party]." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted). See also Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.") (citation omitted). When a defendant brings a facial challenge to subject matter jurisdiction, the court reviews only the pleadings, and the non-moving party receives the same protections as it would defending Rule 12(b)(6) motion. Osborn, 918 F.2d at 729, fn. 6. In a factual challenge to jurisdiction, the court may consider matters

7

outside the pleadings and the non-moving party does not benefit from the safeguards of Rule 12(b)(6). Id.

"A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." Biscanin, 407 F.3d at 907 (citations omitted). In other words, merely because a plaintiff states in the complaint that the Court has subject matter jurisdiction does not make it so. It is the burden of the party asserting jurisdiction to prove by a preponderance of the evidence that jurisdiction exists. VS Ltd. P'ship v. Department of Hous. & Urban Dev., 235 F.3d 1109, 1112 (8th Cir. 2000). "Dismissal for lack of subject matter jurisdiction will not be granted lightly." Wheeler v. St. Louis Sw. Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996).

Allina did not state whether it was bringing a facial or factual challenge to subject matter jurisdiction, but it was clear to this Court that the challenge was facial.[3] Thus, the Court analyzes the contents of McDonald's Complaints to determine whether subject matter jurisdiction exists.

## III. DISCUSSION

None of McDonald's six claims raise any federal questions—a fact she all but admits in a "Notice of Hearing on Motion," [Docket No. 16] filed in connection with Allina's Motion to Dismiss. In that Notice, McDonald stated that on the day that Allina's Motion to Dismiss was being heard that she intended to seek an order to remand the

---

[3] McDonald appended fifty-two exhibits to her response to Allina's motion to dismiss, indicating that McDonald may have been submitting this evidence to support her jurisdictional claim. See Docket No. 19. The Court reviewed these exhibits, which consisted, among other things, of copies of the termination document McDonald signed, a corrective action plan regarding McDonald, which pre-dated the discharge incident, COBRA documents, and various Allina policies. Id. These documents provided no support for exercising federal question jurisdiction over McDonald's suit.

8

case to state court for "proper venue." Id. The Court read McDonald's two Complaints carefully and with the requisite liberality but can find no basis for federal question jurisdiction. The fact that McDonald checked the box on both of her form Complaints alleging that the Court had federal question jurisdiction is insufficient to confer jurisdiction. Discrim. Complaint, p. 2; Complaint, p. 3.

A.     **Minnesota Statutory Claims**

Counts One and Two arise out of Minnesota's Whistleblower Act, Minn. Stat. §181.931. Discrim. Complaint, ¶¶24-32; Complaint, ¶¶24-32. Count II also references Minn. Stat. 609.63, subd. 1(5), Minnesota's felony forgery statute. It is axiomatic that a cause of action arising only under state statute does not present "a cause of action arising under federal law or the Constitution." 28 U.S.C. §1331. See also Carslon v. Arrowhead Concrete Works, Inc., 375 F. Supp.2d 835, 843 (D. Minn 2005) (remanding case to state district court where plaintiff alleged violation of the Minnesota Whistleblower Act). Those claims provide no basis for subject matter jurisdiction.

B.     **Violation of Code of Conduct/Corporate Compliance**

McDonald's allegations in Count Three regarding Allina's alleged breach of its own "code of conduct" are not clear, as McDonald failed to describe what she was referencing. To the extent that Allina's compliance with its code of conduct is voluntary, there can be no cause of action under state or federal law. To the extent that there was a code of conduct and the code constituted some sort of contractual relationship between Allina and McDonald (and there is no allegation in the Complaints that this is the case), Allina's breach of the code of conduct would constitute a state law breach of contract claim over which this Court lacks subject matter jurisdiction. See Stuke v.

9

Grostyan, Civ. No. 12-2099 (SRN/JSM), 2012 WL 4742768 at *1 (D. Minn. Sept. 12, 2012 ("Plaintiff. . . <u>might</u> be able to bring a breach-of-contract claim against Defendant under Minnesota <u>state</u> law.  However, no such state law claim could be entertained in <u>federal</u> court due to a lack of federal subject matter jurisdiction.") (citing Fed. R. Civ. P. 12(h)(3)) (emphasis in original)).

### C. State Law Tort Claims

McDonald's Complaints at Count Four are completely devoid of any explanation of what public policy Allina is supposed to have violated.  The Court assumes that McDonald means that her termination was wrongful and it is against public policy to wrongfully terminate an employee.

Minnesota law provides for a common law cause of action for wrongful discharge in violation of public policy if an "employee is discharged for refusing to participate in an activity that the employee, in good faith, believes violates any state or federal law or rule or regulation adopted pursuant to law."  <u>Phipps v. Clark Oil & Refining Corp.</u>, 408 N.W.2d 569, 571 (Minn. 1987).  An action for discharge in violation of public policy is a state common law tort and does not confer jurisdiction on the federal court. See <u>Nelson v. Productive Alternatives, Inc.</u>, 715 N.W.2d 452, 454-455 (Minn. 2006) (enactment of the Whistleblower Act did not preclude common-law wrongful discharge actions based on violation of public policy).  Even if McDonald's two Complaints did state a cause of action for termination in violation of public policy, this Court does not have original jurisdiction over that claim.

Similarly, McDonald's claims for negligent and intentional infliction of emotional distress (Counts Five and Six) arise out of state common law, not federal law, and do not provide a basis for jurisdiction.

### D. References to Title VII and FLSA

McDonald's passing references in her responsive memorandum to Title VII and the FLSA are insufficient to confer subject matter jurisdiction. First, the references are not reflected anywhere in the Complaints. On the form Discrimination Complaint, there is a box that can be checked if a plaintiff is asserting a claim under Title VII. See Discrim. Complaint, p. 3. McDonald left that box unchecked and checked the box for "other." Id. More critically, even if McDonald changed her mind and wanted to bring a claim under Title VII, she could not do so at this time. McDonald indicated that she filed a charge with the EEOC on June 15, 2012, over a year after Allina terminated her. Pursuant to 42 U.S.C. §2000e-5(e)(3)(A), an aggrieved party must file a charge of discrimination with the EEOC within 300 days of the alleged discrimination. Where a plaintiff fails to timely file a charge with the EEOC or otherwise fails to exhaust his or her remedies with the EEOC, the plaintiff's claims are barred from judicial review. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 223 (8th Cir. 1994). To exhaust administrative remedies, the plaintiff must timely file the charge and receive a notice of right to sue. Id. at 222. McDonald did not timely file her charge with the EEOC, nor did she receive a notice of right to sue, which she admits. Discrim. Complaint, pp. 3, 4. Therefore, even if McDonald's reference to Title VII in her brief was designed to preview her intent to seek leave to amend her Complaint under Title VII, that claim is time-barred.

Likewise, McDonald's fleeting reference to the FLSA at page 8 of her response to Allina's Motion to Dismiss is found nowhere in her Complaints. At any rate, McDonald failed to describe what actions by Allina would have given rise to an FSLA claim. To state a claim under the FSLA, a plaintiff must allege: "(1) that she was an employee eligible for overtime pay; and (2) the she actually worked overtime without proper compensation." Peck v. Hillside Children's Center, 915 F.Supp.2d 435, 437 (W.D. N.Y. 2013). "To state a claim under the FSLA, a plaintiff must allege, at a minimum, the approximate number of unpaid hours worked." Id. (citation omitted).

Here, all that McDonald has stated was that "plaintiff here seem to be taking a malice disregard of the truth." Pl. Mem., p. 8. Even assuming McDonald intended to state that "defendant" had a malicious disregard for the truth, that does not give rise to an FLSA claim. Consequently, to the extent that McDonald's reference to the FSLA could be construed as an intent to seek leave to amend to add that claim, such a claim is futile and would not be permitted.

### E.    Oral Motion for Leave to Amend to Add Equal Pay Act Claim

The EPA prohibits employers from discriminating against employees on the basis of sex by paying different wages to employees of opposite sexes "for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions." 29 U.S.C. §206(d)(1). To state a claim under the EPA, McDonald must allege that she was paid differently than similarly situated males doing substantially similar jobs. "Vague, conclusory, and speculative allegations will not save an Equal Pay Act claim." Bass v. World Wrestling Fed. Entertainment, Inc., 129 F. Supp.2d 491, 503 (E.D.N.Y. 2001).

Nothing in either of McDonald's Complaints, her response to Allina's Motion to Dismiss, or her argument at hearing indicates that there are any facts to support a claim under the EPA. Accordingly, McDonald's attempt to raise at the hearing a motion for leave to amend is denied as futile.

### F. Defamation

McDonald did not explicitly state that she was seeking leave to amend to add a claim for defamation, although that seemed to be the object of her reference to the "humiliation" she faced in having to disclose her discharge to prospective employers. Pl. Mem., p. 12. Even if McDonald had alleged a claim for defamation, defamation is a state-law cause of action over which this Court does not have subject-matter jurisdiction.

### G. Conclusion

McDonald failed to carry her burden to show that the federal court has subject matter jurisdiction over her Complaints pursuant to 28 U.S.C. §1331. Additionally, the Court determined that it would be futile to allow McDonald to amend her Complaints to add claims under Title VII, the EPA or FLSA. McDonald did not exhaust her administrative remedies under Title VII, there are no facts pled to support a claim under the FSLA, and the Court cannot imagine a scenario giving rise to facts in support of an EPA claim.

### IV. RECOMMENDATION

For the reasons set forth above, it is recommended that:

(1) Defendants' Motion to Dismiss [Docket No. 9] be **GRANTED**;

(2) Plaintiffs' Motion to Compel Discovery [Docket No. 15] be **DENIED** as moot;[4]

(3) This matter be dismissed without prejudice as to Counts One to Six of plaintiff's Discrimination Complaint and Complaint and with prejudice as to plaintiff's claims under Title VII, the Fair Labor Standards Act and the Equal Pay Act.[5]

Dated: October 3, 2013

*Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

---

[4] On June 26, 2013, this Court issued an Order setting a briefing schedule for Allina's Motion to Dismiss. Order [Docket No. 14]. This Court ordered that "[n]o further motions shall be filed until a ruling has been issued on Motion to Dismiss for Lack of Subject Matter Jurisdiction or Failure to State a Claim." Id., ¶10. McDonald filed her Motion to Compel Discovery on July 22, 2013, nearly a month after being ordered not to file any motions. [Docket No. 15]. McDonald's motion is moot in light of this Court's recommendation regarding dismissal for lack of subject matter jurisdiction.

[5] As a general rule, when an action is dismissed for lack of subject matter jurisdiction, it is dismissed without prejudice, because the dismissal is not on the merits. See O'Grady v. Marathon County Child Support Agency, Civ. No. 05-2418 (JNE/JJG), 2006 WL 1715473 at *1 (D. Minn., June 19, 2006) (citing Frederiksen v. City of Lockport, 384 F.3d 437, 438-39 (7th Cir.2004). "A jurisdictional disposition is conclusive on the jurisdictional question: the plaintiff cannot re-file in federal court. But it is without prejudice on the merits, which are open to review in state court to the extent the state's law of preclusion permits." Id. (quoting Frederiksen, 384 F.3d at 438); cf., Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims."); County of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) ("A district court is generally barred from dismissing a case with prejudice if it concludes subject matter jurisdiction is absent."). Here, the Court made a determination regarding the futility of McDonald's claims under Title VII, the FSLA and the EPA and has recommended that those claims be dismissed with prejudice. The remaining claims should be dismissed without prejudice as to her ability to file the claims in state court. In making this recommendation, the Court is not offering any opinions regarding the viability of McDonald's state law claims.

14

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 17, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.