UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TERESA MCDONALD,                                    Case No. 13-CV-1031 (PJS/JSM)

                 Plaintiff,

v.                                                              ORDER

ALLINA HEALTH SYSTEM, d/b/a United
Hospital,

                 Defendant.

---

Teresa McDonald, pro se.

Jessica J. Nelson and Sara G. McGrane, FELHABER, LARSON, FENLON &
VOGT, P.A., for defendant.

Plaintiff Teresa McDonald brings this action against her former employer, Allina Health

System ("Allina"), alleging various claims arising out of her May 3, 2011 termination.  This

matter is before the Court on McDonald's objection to the October 3, 2013 Report and

Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron.  Judge Mayeron recommends

granting Allina's motion to dismiss for lack of subject-matter jurisdiction and further

recommends dismissing certain potential claims with prejudice.  The Court has conducted a de

novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court

adopts the R&R, except that, because the Court has no jurisdiction, it will dismiss all claims

without prejudice.

As detailed in the R&R, there is no basis for federal jurisdiction because McDonald

brings only state-law claims against Allina and does not allege that the parties are diverse.  This

matter must therefore be dismissed without prejudice for lack of jurisdiction.  *Crooks v. Lynch*,

557 F.3d 846, 849 (8th Cir. 2009) (because dismissal for lack of jurisdiction is not an

adjudication on the merits, dismissal should be without prejudice).  Only a few matters merit
comment:

First, as Allina points out in its brief in support of its motion to dismiss, McDonald's
complaint makes a passing reference to Allina's "liability under the false claim laws . . . ."  ECF
No. 1 ¶ 35; ECF No. 1-1 ¶ 35.  But, as Allina notes, McDonald nowhere alleges that Allina made
a false or fraudulent claim against the United States, as would be necessary to state a claim under
the False Claims Act.  *See U.S. ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d
951, 955 (8th Cir. 2012).  McDonald did not respond to this argument, and McDonald has not
made any factual allegations that would support a claim under the False Claims Act.  The Court
therefore does not construe McDonald's complaint as alleging a claim under the False Claims
Act.

Second, in Count Three of McDonald's complaint (which is a claim for violation of
Allina's code of conduct and ethics), McDonald seems to assert that she was treated unfairly
because she is a non-union employee.  As best as the Court can tell, McDonald alleges that this
treatment violated Allina's own policies, and thus (as Judge Mayeron noted) McDonald appears
to be making a state-law claim for breach of contract over which the Court lacks original
jurisdiction.  If, instead, McDonald is making some kind of federal discrimination claim on the
basis of her non-union status, the Court would be required to dismiss that claim as being within
the sole jurisdiction of the National Labor Relations Board.  *See* 29 U.S.C. § 158(a)(3)
(prohibiting discrimination "to encourage or discourage membership in any labor organization");
*Gerhardson v. Gopher News Co.*, 698 F.3d 1052, 1057 (8th Cir. 2012) ("Under the preemption
doctrine announced by the Supreme Court in *San Diego Building Trades Council Millmen's*

*Union, Local 2020 v. Garmon*, 359 U.S. 236, 79 S. Ct. 773, 3 L. Ed. 2d 775 (1959), the National

Labor Relations Board (NLRB) has exclusive jurisdiction over claims that 'arguably' constitute

unfair labor practices under §§ 7 or 8 [29 U.S.C. §§ 157 and 158] of the NLRA.").  Even if such

a claim, although doomed to dismissal, somehow gave this Court original federal jurisdiction,[1]

the Court would decline to exercise supplemental jurisdiction over McDonald's remaining state-

law claims.

 *Third*, as Judge Mayeron explains, McDonald makes passing references to Title VII, the

Fair Labor Standards Act ("FLSA"), and the Equal Pay Act ("EPA") in her memorandum in

response to Allina's motion to dismiss.  McDonald did not raise these claims in her complaint,

though, and she did not seek leave to amend her complaint to add these claims in accordance

with the local rules of this District.  Any such claims are therefore not properly before the Court.

*See* D. Minn. L.R. 15.1(b); *O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("A

district court does not abuse its discretion in denying leave to amend where a plaintiff has not

followed applicable procedural rules.").  Hence, all of the claims properly before the Court are

state-law claims over which the Court lacks original jurisdiction.

 Even if McDonald had properly moved to add a federal claim under Title VII, the FLSA,

or the EPA, the Court would deny such a motion as futile.  Neither McDonald's response

memorandum nor her objection allude to any facts that would support such claims.  For example,

McDonald seems to claim that at some point she received a smaller raise than she expected, and

---

[1]This is a doubtful proposition.  *See, e.g.*, *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 805-06 (7th Cir. 2009) (*Garmon* preemption is not "complete" and does not transform state-law claims into federal claims over which federal courts have original jurisdiction).

she refers to a male employee with a similar job who quit after also receiving a smaller raise than he expected.  ECF No. 17 at 4, 12; ECF No. 26 at 5.  It is not clear to the Court how a male employee being treated the *same* as McDonald could support a cognizable EPA claim by McDonald.

Similarly, as Judge Mayeron found, McDonald cannot proceed under Title VII.  To begin with, McDonald offers no facts that would support a Title VII claim.  Indeed, McDonald does not even identify the basis (such as sex, race, religion, or national origin) of the alleged discrimination.  Setting that aside, McDonald's proposed Title VII claim is barred by her failure to file a timely administrative charge.  McDonald alleges in her complaint that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2012.  ECF No. 1 at 3.  That was more than a year after she was terminated, and therefore McDonald's EEOC charge was untimely, which bars her from now bringing a Title VII claim.  *See* 42 U.S.C. § 2000e-5(e)(1); *Briggs v. Wheeling Mach. Prod. Co.*, 499 Fed. Appx. 634, 634 (8th Cir. 2013) (per curiam).

In her objection, McDonald makes some reference to tolling, claiming that she was seeking unemployment benefits, that her lawyer was negligent, and that she believes that her lawyer somehow conspired with Allina to "run off" the time for her to file a charge.  Such vague and conclusory allegations are insufficient to excuse her untimely filing.  *Cf. Briggs*, 499 Fed. Appx. at 634-35 (plaintiff's pursuit of unemployment benefits did not excuse her failure to file timely EEOC charge); *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033-34 (8th Cir. 2005) (describing standards for applying equitable estoppel and equitable tolling to administrative

charges of discrimination).[2]  In short, even if McDonald had properly moved to amend her complaint to add federal claims, her motion would be denied because her proposed amendments would be futile.

*Finally*, because the Court lacks jurisdiction and does not consider any potential federal claims to be properly before it, the Court will not dismiss any claim on the merits.  Instead, the Court dismisses this action without prejudice for lack of jurisdiction.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES McDonald's objection [ECF No. 26] and ADOPTS the October 3, 2013 R&R [ECF No. 25], with the exception that all claims are dismissed without prejudice.  IT IS HEREBY ORDERED THAT:

1.  Defendant's motion to dismiss for lack of jurisdiction [ECF No. 9] is GRANTED.

2.  Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

3.  Plaintiff's motion to compel discovery [ECF No. 15] is DENIED AS MOOT.

---

[2]Although failure to exhaust Title VII administrative remedies is an affirmative defense, *see Miles v. Bellfontaine Habilitation Center*, 481 F.3d 1106, 1107 (8th Cir. 2007) (per curiam), McDonald's complaint demonstrates on its face that her EEOC charge was untimely.  She therefore must plead facts that would excuse her untimely filing, which she has failed to do.  *Cf. Briggs*, 499 Fed. Appx. at 634-35 (affirming dismissal of disability-discrimination claim where plaintiff failed to plead facts that would excuse her untimely EEOC charge).

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 12, 2013                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge